SEA HUNT, INC. Plaintiff,

v.

THE UNIDENTIFIED, SHIPWRECKED VESSEL OR VESSELS, etc. in rem., Defendant.

No. CIV. A. 2:98CV281.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 17, 1998.

Anthony F. Troy, Mays & Valentine, Richmond, VA, David Kegebeib, Mays & Valentine, Norfolk, VA, Peter E. Hess, Wilmington, DE, David J. Bederman, Atlanta, GA, for Plaintiff/Counter–Defendant.

Frederick Schilling Fisher, Roger L. Chaffee, Office of the Atty. Gen., Richmond, VA, for Commonwealth of Va., Intervenor–Plaintiff.

Damon C. Miller, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, DC, Lawrence R. Leonard, Office of U.S. Atty., Norfolk, VA, Caroline M. Blanco, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, Barbara B. O'Malley, Dept. of Justice, Torts Branch, Civ. Div., Washington, DC, for Intervenor–Plaintiff U.S. and Claimant–Spain.

George Robert Leach, Williamsburg, VA, for Claimants Alpha Quest Corp. and Richard L. Cook.

## *ORDER*

CLARKE, District Judge.

Sea Hunt, Inc. ("plaintiff") comes before the Court on a Motion to Strike and Dismiss the Answer, Counterclaims and Motion to Intervene by Alpha Quest Corporation and Richard L. Cook ("Alpha Quest/Cook"), pursuant to Fed.R.Civ.P. 24, Supplemental Admiralty Rule C(6) ("S.A.R."), and Local Admiralty Rules (e)(3) and (e)(13) ("L.A.R.").

For the reasons stated below, the Court DISMISSES Alpha Quest/Cook's unverified counterclaims with prejudice.

1. Plaintiff does not contest the procedural sufficiency of the Verified Claim to Shipwrecked Ves-

### I.

By Order of March 12, 1998, this Court issued a warrant for the arrest of the defendant vessel(s), granted plaintiff the exclusive right to salvage the vessels, allowed sixty (60) days within which potential claimants could file claims to the vessels, and allowed twenty (20) days thereafter for parties to file answers.

On March 21, 1998, Notice of the Admiralty Arrest of the Shipwrecked Vessel(s) and Entry of Preliminary Injunction was published in the Virginian Pilot, in accordance with S.A.R. C(4) and L.A.R.(c)(3).

On May 11, 1998, Alpha Quest/Cook moved to intervene in this admiralty action, but failed to do the following: file any Intervening Complaint, in violation of L.A.R.(e)(13); file any pleading setting forth the claims upon which intervention was sought, in violation of Fed.R.Civ.P. 24(c); file any verified claim to the *in rem* action against the vessels, in violation of S.A.R.C(6) and L.A.R.(e)(3).

On July 14, 1998, this Court DENIED Alpha Quest/Cook's motion to intervene for failure to comply with the pertinent Local Admiralty Rules, S.A.R.(C)(6) (failure to file a verified claim), and Fed.R.Civ.P. 24(c). This Court allowed Alpha Quest/Cook ten (10) days within which to remedy the defects in their filing, with dismissal of their claims as the penalty for not complying with the Court Order.

On July 24, 1998, Alpha Quest/Cook filed two pleadings, entitled "Answer of Intervenors and Claimants Alpha Quest Corp. and Richard L. Cook," and "Verified Claim to Shipwrecked Vessels." The "Answer" contained several unverified counterclaims. On September 15, 1998, this Court entered a Consent Order reflecting the agreement by the parties to dismiss three of the counterclaims without prejudice. The remaining counterclaims are the subject of the plaintiff's present motion.[1] No other filings have been made by Alpha Quest/Cook, except an answer to the motion presently before the Court.

sels.

## II.

Any claim to property subject to *in rem* action "shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action..." S.A.R.(C)(6). Any party wishing to intervene in such an action must comply with Federal Rule of Civil Procedure 24(c) (intervening parties must file a pleading setting forth the claim or defense for which intervention is sought), Supplemental Admiralty Rule(C)(6), Local Admiralty Rule (e)(3) (parties wishing to intervene must file a complaint), and Local Admiralty Rule(e)(13) (every complaint under S.A.R.(C)(6) must be verified under oath or solemn affirmation) by filing a verified intervening complaint.

As conceded by Alpha Quest/Cook's counsel at oral argument, the counterclaims that Alpha Quest/Cook appended to their "Answer" were not properly verified. In the interest of justice, this Court has already once granted Alpha Quest/Cook extra time to file properly verified claims in this case. In dismissing Alpha Quest/Cook's first motion to intervene by Order of July 14, 1998, the Court allowed Alpha Quest/Cook ten (10) days from entry of that Order to file properly verified claims. Alpha Quest/Cook has failed to do so. The unverified counterclaims are therefore DISMISSED. Since plaintiff conceded at oral argument that Alpha-Quest/Cook's Verified Claim to Shipwrecked Vessels is procedurally sufficient, and since plaintiff did not at oral argument challenge the sufficiency of Alpha Quest/Cook's Answer (other than as to the counterclaims appended to the Answer), both the Answer and the Verified Claim will remain in this case.

The Clerk is DIRECTED to send a copy of this ORDER to counsel for Alpha Quest Corp. and Richard L. Cook, counsel for plaintiff, and counsel for the United States and the attorneys who contend that they are representing the Kingdom of Spain.

IT IS SO ORDERED.